UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISTIAN WOESSNER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MIDLAND FUNDING LLC, ) <br> EQUIFAX INFORMATION SERVICES, ) <br> L.L.C., ) <br> EXPERIAN INFORMATION SOLUTIONS, ) <br> INC., ) <br> TRANS UNION LLC, ) <br> ) <br> Defendants. ) | No. 1:21-cv-02149-JPH-MG |

**ORDER**

Plaintiff, Christian Woessner, has filed a motion to withdraw the motion to remand due on lack of standing that he had filed on October 8, 2021. Dkt. 40 (moving to withdraw dkt. 36). For the reasons in the motion, the motion to withdraw is **GRANTED**. Dkt. [40]. The motion to remand is **WITHDRAWN**. Dkt. [36].

However, Article III standing "is jurisdictional and cannot be waived," *Wadsworth v. Kross, Lieberman & Stone, Inc.*, 12 F.4th 665, 667 (7th Cir. 2021), and the Court must ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). The Court's obligation includes knowing the details of the underlying jurisdictional allegations. *See Evergreen Square of Cudahy v. Wis. Hous. and Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("[T]he parties' united front is irrelevant since the parties cannot

confer subject-matter jurisdiction by agreement . . . and federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*.").

Therefore, the parties **SHALL FILE** a joint jurisdictional statement analyzing standing **by November 19, 2021**.

**SO ORDERED.**

Date: 10/20/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Emily M. Rector
JONES DAY (Columbus)
erector@jonesday.com

David M. Schultz
HINSHAW & CULBERTSON
dschultz@hinshawlaw.com