UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISTIAN WOESSNER, | ) |
|       Plaintiff, | ) |
| v. | ) No. 1:21-cv-02149-JPH-MG |
| MIDLAND FUNDING LLC, EQUIFAX INFORMATION SERVICES, L.L.C., EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, | ) |
|       Defendants. | ) |

**ORDER ON JURISDICTION**

On July 30, 2021, Defendant Trans Union removed this case to this Court alleging federal-question jurisdiction based on the Fair Credit Reporting Act. Dkt. 1. Mr. Woessner filed a motion to remand on October 8, 2021, arguing the case should proceed in state court because he lacked Article III standing. Dkt. 36. However, he moved to withdraw that motion on October 19, 2021 because Trans Union had provided his counsel "with some of the documents" that it had based removal on. Dkt. 40. The Court granted the motion to withdraw but ordered the parties to file a joint jurisdictional statement because "Article III standing is jurisdictional and cannot be waived." Dkt. 41.

In their jurisdictional statements, the parties again dispute whether Mr. Woessner has standing. Dkt. 49. Trans Union and Experian argue that he does because the dispute letters he had sent reveal "an inability to get more

1

favorable terms on loans."  Dkt. 49 at 8.  They also argue that "third parties received, and likely reviewed," the allegedly incorrect information on Mr. Woessner's credit reports.  *Id.* at 9.  Mr. Woessner responds that the dispute letters he sent do not show concrete harm.  *Id.* at 3–4.

Article III of the Constitution "confines the federal judicial power to the resolution of "Cases" and "Controversies."  *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021).  "For there to be a case or controversy," the plaintiff must have standing, which requires—among other things—a "concrete" injury.  *Id.*  In other words, the injury must be "real, and not abstract."  *Id.* at 2204.  The concrete-injury requirement is therefore not "automatically satisfie[d] . . . whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right."  *Id.* ("Article III standing requires a concrete injury even in the context of a statutory violation.").

Here, Trans Union and Experian have provided dispute letters from Mr. Woessner saying that he "looked at [his] credit report because [he] need[s] to get a better rate for mortgage/car loan and noticed some problems."  Dkt. 49-1 at 2–3.[1]  That search for better rates points to "a risk of financial harm as [a] result of credit reporting agencies lowering [his] credit score" based on the alleged inaccuracies in his credit report.  *Evans v. Portfolio Recovery Assocs., LLC*, 889 F.3d 337 (7th Cir. 2018).  That is enough to allege standing, at least at this stage of the case.  *See id.*  Indeed, "Article III"s strictures are met not

---

[1] The Court considers the letters at this stage because they "are central to the complaint and referred to in it."  *O'Brien v. Village of Lincolnshire*, 955 F.3d 616, 621 (7th Cir. 2020); *see* dkt. 1-2 at 14–15.

only when a plaintiff complains of being deprived of some benefit, but also when a plaintiff complains that she was deprived of a chance to obtain a benefit." *Casillas v. Madison Avenue Assocs., Inc.*, 926 F.3d 329, 334 (7th Cir. 2019) (Barrett, J.).

The Article III standing requirement has therefore been satisfied here, at least at this pleading stage. *See Ramirez*, 141 S. Ct. at 2208 (Standing must be established "with the manner and degree of evidence required at the successive stages of the litigation.").

**SO ORDERED.**

Date: 12/20/2021

                                      */s/ James Patrick Hanlon*
                                      James Patrick Hanlon
                                      United States District Judge
                                      Southern District of Indiana

Distribution:

Scott E. Brady
SCHUCKIT & ASSOCIATES P.C.
sbrady@schuckitlaw.com

Steven D. Brock
CLARK HILL PLC
sbrock@clarkhill.com

Robert D. Esrock
SCHUCKIT & ASSOCIATES P.C.
resrock@schuckitlaw.com

Jennifer Lynn Fisher
HINSHAW & CULBERTSON LLP (Schererville)
jfisher@hinshawlaw.com

Alexandra Robinson French
BARNES & THORNBURG LLP

arobinson@btlaw.com

Duran Keller
KELLER LAW LLP
duran@kellerlawllp.com

Emily M. Rector
JONES DAY (Columbus)
erector@jonesday.com

David M. Schultz
HINSHAW & CULBERTSON
dschultz@hinshawlaw.com